UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMOS FENDERSON,   )   |   |
|     Plaintiff,     )   |   |
|                    )   |   |
|     v.             )   | Case No. 1:24-cv-1506-SEM-EIL |
|                    )   |   |
| L. BREWER, et al., )   |   |
|     Defendants.    )   |   |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Amos Fenderson has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. Plaintiff has also filed a Motion to Request Counsel (Doc. 5). For the following reasons, the Court finds that Plaintiff may proceed on Eighth Amendment deliberate claims against certain Defendants, but that the remaining Defendants will be dismissed and his request for counsel denied at this time.

### I. COMPLAINT

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff, who is currently housed at Alton Mental Health Center, files suit for actions that occurred at the Peoria County Jail ("the Jail") in May 2024. Plaintiff's Complaint names as Defendants D.C.S. Russel Owens, C/O L. Brewer, nurse David, mental health professional Becky Ala, Dr. Monica Duran, mental health professional Bernice Gordon Young, D.C.S. Katherin Pierson, D.C.S. Alexander Eddlemon, Sheriff Chris Watkins, Correctional Superintendent Carmisha Turner, A.C.S. Brian Johnson, Sgt. Rainy, Sgt. B. Garcia, C/O Reese, and I. Roberts.

Plaintiff alleges that on May 5, 2024, at approximately 12:30 p.m., he swallowed a nail clipper. He informed Defendant Brewer, who returned to Plaintiff's cell approximately 15 minutes later and informed Plaintiff that he was to go to the Health Care Unit ("HCU"). Plaintiff invoked his right to refuse care. Defendant Brewer returned approximately 10 minutes later with Defendant Owens, who was able to persuade Plaintiff to go to the HCU.

Once in the HCU, Plaintiff was informed by Defendant David that Defendant Duran said Plaintiff needed to go to the emergency room. Plaintiff refused. At that time, Defendant Owens allegedly asked Plaintiff if he would consent to a scan, after which Defendants Owens, Brewer, and David used the body scanner in the Jail intake area to confirm the presence of a nail clipper inside Plaintiff's body.

Defendant David again asked Plaintiff if he wanted care and Plaintiff again declined. Defendant Owens then allegedly told Defendant Brewer to return Plaintiff to his housing pod. Plaintiff alleges that none of Defendants had Plaintiff assessed by mental health providers who could have placed him on suicide watch.

Defendant Brewer placed Plaintiff back into his cell. Soon thereafter, Plaintiff allegedly used a sharp piece of metal to mutilate himself. Another detainee notified a non-party officer that Plaintiff needed urgent medical care.

Defendant David arrived and advised Defendant Rainy that Plaintiff needed to go to the hospital due to ongoing self-harming. Plaintiff again refused, after which Defendant Johnson allegedly ordered that Plaintiff be placed into a restraint chair. Defendant Ala evaluated Plaintiff at that time.

At approximately 2:30 p.m. Plaintiff allegedly informed staff that he consented to go to the hospital to receive treatment. However, due to alleged staff shortages Plaintiff was not taken to the hospital until after 8:00 p.m. At the hospital, Plaintiff received x-rays and stitches. However, because of the delay in going to the hospital, Plaintiff alleges that the nail clippers had already "passed down" and could not be medically removed.

Plaintiff alleges he was returned to the Jail, where he was again restrained in a chair and was forced to urinate and defecate on himself. Four days later, Plaintiff alleges that Defendant Young

spoke with Defendant Duran and Plaintiff was allowed to be removed from the cell and placed inside a restraint cell.

However, less than 12 hours later, Plaintiff was allegedly placed back into the chair under Defendant Duran's orders and due to an alleged miscommunication with Defendant Young. Plaintiff alleges that he notified Defendant Roberts that he needed to use the toilet on multiple occasions but that, by the time Defendants Garcia and Reese arrived three hours later, Plaintiff had already soiled himself.

On May 17, 2024, Plaintiff alleges that the nail clippers passed out of his system and he was released from the restraint chair.

**C. Analysis**

Plaintiff has pled sufficient facts to proceed with a deliberate indifference claim against Defendants Brewer, Owens, David, and Duran, based upon Plaintiff's evident risk of self-harm following the first incident with the nail clipper. *Miranda v. County of Lake*, 900 F.3d 335, 349 (7th Cir. 2018) ("[A] jail or prison official's failure to protect an inmate from self-harm [is] one way of establishing deliberate indifference to a serious medical need.").

Plaintiff may also proceed with a conditions of confinement claim against Defendants Duran, Young, Garcia, Reese, and Roberts for their involvement in placing Plaintiff in a restraint chair for days, during which he was forced to remain covered in his own urine and feces. *Gillis v. Litscher*, 468 F.3d 488, 493–94 (7th Cir. 2006) (conditions of confinement claim survives summary judgment when prisoner on clinical observation was stripped naked, placed in cell without mattress or bedding, became suicidal, and smeared feces in his cell).

However, Plaintiff may not proceed on these claims against Defendants Pierson, Eddlemon, Watkins, and Turner. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, to hold Defendants liable under § 1983, Plaintiff must allege that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). Plaintiff has not done so. His Complaint contains no allegations whatsoever regarding any action or inaction

taken by Defendants Pierson, Eddlemon, Watkins, and Turner. These Defendants may not be held liable due only to their role as supervisors. *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983).

In addition, Plaintiff may not proceed on claims against Defendant Ala or Rainy.

Plaintiff alleges that Defendant Ala, a mental health professional, evaluated him after the second instance of self-harm. But Plaintiff does not allege that any correctional or medical staff made Defendant Ala aware of Plaintiff's first incident. Therefore, Defendant Ala cannot be held liable for deliberate indifference. *See Daugherty v. Harrington*, 906 F.3d 606, 611 (7th Cir. 2018) (Plaintiff must show that the defendant actually "knew of and consciously disregarded an excessive risk to his health and safety."). Likewise, Plaintiff does not allege any facts suggesting that Defendant Ala's assessment after the second incident was "so plainly inappropriate as to permit the inference that [she] intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008).

Page **7** of **12**

As for Defendant Rainy, Plaintiff alleges only that Defendant David advised Rainy, a correctional sergeant, that Plaintiff needed to go to the hospital after the second instance of self-harm. However, Plaintiff refused care and was then placed by another Defendant (Johnson) into the restraint chair for evaluation by mental health professionals. Plaintiff does not allege that Defendant Rainy had any further role in Plaintiff's ability to access mental or medical care. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts… a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

## II. REQUEST FOR COUNSEL

A pro se litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt*, 503 F.3d at 655.

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff has not met this first, threshold requirement. Therefore, Plaintiff's Motion must be denied, without prejudice.

Plaintiff may renew the request after he makes a reasonable attempt to obtain counsel, or if he plausibly asserts that he is unable to make such an attempt.

**IT IS THEREFORE ORDERED:**

**1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim of deliberate indifference to a risk of self-harm against Defendants Brewer, Owens, David, and Duran and an Eighth Amendment conditions of confinement claim against Defendants Duran, Young, Garcia, Reese, and Roberts. Additional claims shall not**

be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to dismiss Defendants Pierson, Eddlemon, Watkins, Turner, Ala and Rainy as Defendants in this matter.

3) Plaintiff's Motion to Request Counsel [5] is DENIED without prejudice.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will

automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

**12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED May 16, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE